■ In the Matter of HERMAN M. BATES, JR., Respondent, v ANTONIA D'APICE et al., Constituting the Board of Elections of the County of Westchester, Respondents, and JOHN T. DEEMS, Appellant.—In a proceeding to invalidate petitions designating John T. Deems as a candidate in the general election to be

held on November 7, 1989, for the public office of Superintendent of Highways, Town of Ossining, the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County (Facelle, J.), entered August 14, 1989, which granted the application.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the petition is denied, the proceeding is dismissed, and the Board of Elections of the County of Westchester is directed to place the name of John T. Deems on the appropriate ballot.

John T. Deems, a resident of both the Town of Ossining and the Incorporated Village of Ossining, which is a village located entirely within the boundaries of the town, was designated by the Democratic Party as its candidate for the public office of Superintendent of Highways for the Town of Ossining at the general election to be held on November 7, 1989. An objector, the petitioner-respondent, Herman M. Bates, Jr., was successful in securing the removal of Deems from the ballot on the ground that Deems was a resident of the village and that the territory within the corporate limits of the village was a separate road district which was exempt from the jurisdiction and superintendence of the Superintendent of Highways for the Town of Ossining. In granting Bates' petition, the Supreme Court relied upon Village of Ossining Charter § 12 (Local Laws, 1950, No. 2 of Village of Ossining § 2) which provides that no resident of the village shall vote for any Commissioner of Highways of the Town of Ossining, and held that a village resident was ineligible to hold the elective office of Superintendent of Highways for the town. We disagree and, accordingly, reverse.

Public Officers Law § 3 sets forth the qualifications for holding public office. Public Officers Law § 3 (1) requires, *inter alia,* that a candidate for a civil office must be a resident of the political subdivision or municipal corporation of the State (1) for which he shall be chosen, or (2) within which the electors electing him reside, or (3) within which his official functions are required to be exercised. We find that the appellant has met at least the first of these alternative eligibility requirements. Moreover, we note that although the Village Charter bars a village resident from voting for the office of Superintendent of Highways for the town, it does not prohibit a village resident from seeking the office of Superintendent of Highways for the town. Under these circumstances, we conclude that the Supreme Court's reliance thereon was misplaced and hold that the application to invalidate the

appellant's candidacy should not have been granted. Mollen, P. J., Mangano, Bracken and Brown, JJ., concur.

Thompson, J., dissents and votes to affirm the order and judgment for reasons stated by Justice Facelle at the Supreme Court.